# UNITED STATES DISTRICT COURT
for the
District of Idaho

| | |
|---|---|
| In the Matter of the Search of<br><br>THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (208) 504-5211 | ) ) ) ) ) ) )  Case No. 1:22-mj-00144-REP |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A incorporated herein by reference.

located in the _____ District of ____Idaho____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution of Controlled Substances |
| 21 U.S.C. § 843(b) | Use of a Communication Facility to Facilitate the Distribution of a Controlled Substance |
| 21 U.S.C. § 846 | Conspiracy to Distribute a Controlled Substance |

The application is based on these facts:

See Attached Affidavit in Support of an Application for Search Warrant by Special Agent Aaron Ferguson.

☑ Continued on the attached sheet.
☑ Delayed notice of __90__ days *(give exact ending date if more than 30 days:* __08/30/2022__ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Aaron Ferguson, Special Agent, DEA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by __being subscribed electronically and sworn to telephonically__ *(specify reliable electronic means)*.

Date: __06/01/2022__

_____
*Judge's signature*

City and state: Boise, Idaho

Honorable Raymond E. Patricco, U.S. Chief Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF IDAHO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (208) 504-5211 | Case No. 1:22-mj-00144-REP <br><br> **Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Aaron Ferguson, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.  I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number (208) 504-5211, a cellular phone with subscriber information to Dorothy Bequeath, ("Subject Cell Phone"), whose service provider is AT&T a wireless provider headquartered at 11760 U.S. Highway 1, Suite 600, North Palm Beach FL 33408. The Subject Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.  Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," see 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3.  I am a Special Agent with the DEA and have been so employed since May of 2021. I am currently assigned to the DEA Boise District Office and have been so since May of 2021.

1

4.      In the academy for the DEA, I was taught many techniques that Drug Trafficking Organizations (DTO) use to facilitate their operations. One of those many ways is their communication through cellular devices, and mobile distribution. These methods make it difficult for law enforcement agencies to detect violations of law related to controlled substances.

5.      Before employment with the DEA, I was a State Trooper with the Missouri State Highway Patrol (MSHP). I began employment with MSHP in January of 2016 and resigned to join the DEA in May of 2021. During my time as a Trooper, I was a top performer in the state for controlled substance enforcement for three consecutive years, with over 700 drug arrests in those three years. Some of those investigations included multiple investigative techniques such as surveillance, knock and talks, cultivating informants, traffic stops, interviews, controlled purchases, manhunts, search warrants, and Special Weapons and Tactics (SWAT) operations. The focus of those investigations was primarily methamphetamine traffickers in the Kansas City, Missouri area. Those investigations led to seizures of controlled substances, illicit proceeds, and illegally possessed firearms, which consequently led to many federal indictments.

6.      I attended the MSHP Law Enforcement Academy for 25 weeks in 2016 where I was taught the basics in drug recognition, investigations, and enforcement. In 2018 I attended and successfully completed the Basic Narcotics Officer Training for 2 weeks, and Criminal Patrolling from the MSHP. Because of my training and experience, I was selected to join multiple High Intensity Drug Trafficking Area (HIDTA) Interdiction enforcement task groups and conducted several investigations with MSHP Division of Drug and Crime Control. When working with the HIDTA Interdiction Unit, I seized methamphetamine, bulk marijuana, heroin, and bulk currency.  My extensive and intensive training in controlled substance investigations

and enforcement have helped safeguard the communities in which I serve and effectively dismantled multiple DTOs.

7. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and am empowered by law to conduct investigations of, and make arrests for, offenses involving the manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in narcotic drugs, marijuana, or other dangerous drugs punishable under United States Law.

8. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. Unless otherwise indicated, all statements related herein are related in substance and in part and are not verbatim. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. I have not included each and every fact known to me concerning this investigation.

9. Based on my training and experience, and the facts set forth in this affidavit, I believe there is probable cause to believe that, Tyler WATSON is the user of telephone number **(208) 504-5211, the Subject Cell Phone,** and has used and will continue to use, the Subject Cell Phone to commit violations of Title 21, United States Code, Sections 841(a)(1), 843(b), and 846, involving the distribution and conspiracy to distribute controlled substances, and the use of a communication facility to facilitate the commission of those acts. There is also probable cause to believe that the location information, as further described in Attachment B, will lead to the discovery of evidence of these crimes.

10. The Court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court

of the United States that has jurisdiction over the offense being investigated, see 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

11. On May 26, 2022, Special Agent (SA) Aaron Ferguson, applied for and received a court order authorizing the interception of communications of 231-408-9249, which is used by Enrique PALOMERA. The order was authorized by the Honorable David C. Nye, Chief U.S. District Court Judge, District of Idaho, and filed under case 22-mj-140-DCN. On May 26, 2022, DEA Boise District Office started intercepting communications of Target Telephone 1 ("TT1").

12. Beginning on or around May 28, 2022, PALOMERA, using TT1, began having drug related conversations with (208) 504-5211 (Subject Cell Phone).

## IDENTIFICATION OF TYLER WATSON AS USER OF SUBJECT CELL PHONE

13. Subscriber records for the Subject Cell Phone show the phone is subscribed to Dorothy Bequeath, with the address of 1115 N. Adams St., Nampa, Idaho. Ada County jail records show the Subject Cell Phone is registered to Tyler WATSON with the same address as the one listed on the subscriber information. Individuals calling into the Ada County jail have to register their phones with the Ada County Jail system to talk to inmates over the phone. That registration shows Tyler Watson as the user and the address matches the address on a copy of WATSON's driver's license. On an Ada County jail call on Aprils 27, 2022, between inmate Reba Wilson and the Subject Cell Phone, Wilson refers to the male on the phone as Tyler.

14. In March of 2022, confidential sources with the Nampa Police Department and the Boise Police Department identified WATSON as a distributor of fentanyl and methamphetamine. Both provided telephone number (208) 504-5211 (Subject Cell Phone) as WATSON's contact number. The Nampa Police Department's confidential source provided

information related to WATSON in consideration for a shoplifting charge in Nampa, Idaho. This confidential source has a criminal conviction history of petit theft, burglary in the 2nd degree, possession of a controlled substance, forgery of narcotic prescription, robbery in the 2nd degree, a hit and run with property damage, and driving without a license. Despite this confidential source's criminal history, the confidential source has provided Nampa Police Department with information that proved to be reliable. The Boise Police Department confidential source provided investigators with information about WATSON in consideration for a possession of controlled substance charge. This confidential source has no criminal conviction history and has previously provided information that proved to be reliable.

### INTERCEPTED TEXT MESSAGES BETWEEN PALOMERA AND WATSON

15. On May 28, 2022, during session numbers 131, 175, 183, 184, 185, and 186 on Target Telephone 1, PALOMERA exchanged a series of text messages with WATSON, who was using the Subject Cell Phone. Below is the text conversation:

- PALOMERA to WATSON SMS Text: Hey how much money you have
- WATSON to PALOMERA SMS Text: Sorry bro, I been rushed for time, tryin' to get this job done in time. I'll let u know in about 20 minutes how much I got. I gotta count it
- WATSON to PALOMERA SMS Text: Alright bro, I got 17
- PALOMERA to WATSON SMS Text: Ok i hope you can get more my friens ia goin to be there tomorrow at 6 in the afternoon
- WATSON to PALOMERA SMS Text: I'll doo my best, but I average about 15 a week for you, I thought we were doin' pretty good
- PALOMERA to WATSON SMS Text: Ho yes you doing good

16. Based on these text conversations, investigators believe that WATSON and PALOMERA were discussing the collection of drug proceeds. PALOMERA asked WATSON how much money he had and WATSON eventually responded with 17. Investigators believe that WATSON was stating that he had $17,000 in drug proceeds available for pick up by the

PALOMERA DTO. Later, WATSON told PALOMERA that he averages 15 a week. Investigators believe WATSON is stating he sells enough drugs a week to provide the PALOMERA DTO with $15,000. PALOMERA then told WATSON that he is doing a good job. Based on this information, investigators believe that the Subject Cell Phone is being used in furtherance of violations of Title 21, United States Code §§ 841(a)(1), 843(b), and 846, and obtaining the information requested in this search warrant will assist law enforcement in seizing controlled substances and associated proceeds.

## Information About AT&T

17. Based on my training and experience, I have learned that AT&T is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected, as well as per-call measurement data (also referred to as "timing advance"). These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise

that E-911 Phase II data.

18. The per-call measurement data (timing advanced data) estimates the approximate distance of the cellular device from a cellular tower based upon the speed with which signals travel between the device and the tower. This information can be used to estimate an approximate location range that is more precise than typical cell site data.

19. Based on my training and experience, I know that AT&T can collect E-911 Phase II data about the location of the Subject Cell Phone, including by initiating a signal to determine the location of the Subject Cell Phone on AT&T network or with such other reference points as may be reasonably available.

20. Based on my training and experience, I know that AT&T can collect cell-site data about the Subject Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as AT&T typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

21. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

22. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until

90 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Subject Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). Specifically, investigators believe that the subscriber/user may notify PALOMERA or members of the PALOMERA DTO, which could cause PALOMERA or members of his DTO to change their patterns of behavior or destroy evidence, if law enforcement notified the Subject Cell Phone subscriber/user before the end of 90 days. As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

23. I further request that the Court direct AT&T to disclose to the government any information described in Attachment B that is within the possession, custody, or control of AT&T. I also request that the Court direct AT&T to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the Subject Cell Phone on AT&T's network or with such other reference points as may be reasonably available, and at such

intervals and times directed by the government. The government shall reasonably compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

24. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Subject Cell Phone outside of daytime hours.

25. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

## CONCLUSION

26. Your Affiant believes that there is probable cause to believe that violations of Title 21, United States Code, Sections 841(a)(1), 843(b), and 846 have been committed, are being committed, and will continue to be committed by Tyler WATSON and others. Further, your Affiant believes there is probable cause to believe that Tyler WATSON is using the number (208) 504-5211 commit those violations and the location of Tyler WATSON's cellular telephone will lead to evidence of these crimes.

Respectfully submitted,

_____
Aaron Ferguson
Special Agent
Drug Enforcement Administration

Attested to by the affiant in accordance with the requirements of Fed. R. Crim. P. 4.1 by being subscribed electronically and sworn to telephonically.

Dated this 1st day of June, 2022.

*[signature: Raymond Patricco]*

HONORABLE RAYMOND E. PATRICCO
UNITED STATES CHIEF MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number (208) 504-5211, subscribed to Dorothy Bequeath, but believed to be used by Tyler WATSON, whose wireless service provider is AT&T, a company headquartered at headquartered at 11760 U.S. Highway 1, Suite 600, North Palm Beach FL 33408.

2. Records and information associated with the Subject Cell Phone that is within the possession, custody, or control of AT&T.

## ATTACHMENT B

### Particular Things to be Seized

I. **Information to be Disclosed by the Provider**

All information about the location of the Subject Cell Phone described in Attachment A for a period of thirty (30) days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information known as "real-time tool" ("RTT"), as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T, AT&T is required to disclose the Location Information to the government. In addition, AT&T must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the Subject Cell Phone on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that constitutes evidence of violations of Title 21, United States Code, Sections 841(a)(1), 843(b) and 846, by Tyler WATSON and his co-conspirators.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means         ☑ Original         ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Idaho

| | )
In the Matter of the Search of | )
| ) Case No. 1:22-mj-00144-REP
THE CELLULAR TELEPHONE ASSIGNED CALL | )
NUMBER (208) 504-5211 | )
| )

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____Idaho_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A incorporated herein by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before _____June 15, 2022_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Raymond E. Patricco_____ .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☑ until, the facts justifying, the later specific date of ____8/30/2022____ .

Date and time issued:   June 1, 2022 at 11:09 a.m.                       *(signed)* Raymond Patricco
                                                                          Judge's signature

City and state:   Boise, Idaho                       Honorable Raymond E. Patricco, U.S. Chief Magistrate Judge
                                                     *Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>1:22-mj-00144-REP | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

                                                                        *Executing officer's signature*

                                                                        *Printed name and title*

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number (208) 504-5211, subscribed to Dorothy Bequeath, but believed to be used by Tyler WATSON, whose wireless service provider is AT&T, a company headquartered at headquartered at 11760 U.S. Highway 1, Suite 600, North Palm Beach FL 33408.

2. Records and information associated with the Subject Cell Phone that is within the possession, custody, or control of AT&T.

## ATTACHMENT B

### Particular Things to be Seized

**I. Information to be Disclosed by the Provider**

All information about the location of the Subject Cell Phone described in Attachment A for a period of thirty (30) days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information known as "real-time tool" ("RTT"), as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T, AT&T is required to disclose the Location Information to the government. In addition, AT&T must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the Subject Cell Phone on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that constitutes evidence of violations of Title 21, United States Code, Sections 841(a)(1), 843(b) and 846, by Tyler WATSON and his co-conspirators.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.